UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WAYNE McGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPEARMAN, Warden,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00799-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on May 28, 2013. In the course of conducting a preliminary screening of the petition, however, it has come to the Court's attention that Petitioner has previously filed a prior federal habeas petition challenging this same conviction.

A review of the Court's own docket reflects that Petitioner has previously a filed petition in this Court, in case no. 1:05-cv-01103-LJO-SMS. That petition, challenging the same 2000 Fresno County Superior Court conviction as does the instant petition, was denied on the merits on November 30, 2007. A cursory review of the operative pleadings in the prior case indicates that the two petitions are premised upon the same set of claims, facts, and evidence, i.e., that Petitioner's Three Strikes

sentence should not have been enhanced by his 1995 conviction.  In case no. 1:05-cv-01103-LJO-SMS, the Court fully addressed that issue on its merits and rejected it.[1]

### **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must **also** dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  As mentioned above, the instant petition challenges the same conviction as Petitioner's prior petition in this court.  However, Petitioner makes no showing that he

---

[1] Although Petitioner contends that the instant petition is based upon "newly discovered" evidence, the Court has searched the petition and attached documents in vain to find any evidence that could reasonably be characterized as new.  To the contrary, all of the documents and evidence attached to the instant petition appear to predate the filing of the earlier petition in case no. 1:05-cv-01103-LJO-SMS.

has obtained prior leave from the Ninth Circuit to file this successive petition attacking his 2000 conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 30, 2013**          /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE